[Crim. No. 2446.  Second Appellate District, Division One.—Deecember 15, 1933.]

THE PEOPLE, Respondent, v. JAMES FRED PARKER, Appellant.

Alexander L. Oster for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

YORK, J.—Defendant was charged in an information filed by the district attorney with the crime of robbery and the crime of attempted robbery, together with a prior conviction of a felony. The defendant pleaded not guilty and admitted the prior conviction. Defendant was tried before a jury which found him guilty of robbery in the first degree, and not guilty of attempted robbery, the court having directed a verdict for defendant as to that count. This appeal is from the judgment and from the order denying his motion for a new trial.

The only direct evidence tending to connect the defendant with the robbery was the evidence of the complaining witness, who testified that the light in the store where the robbery occurred was not very good; who gave a descrip-

tion of the way in which the man who robbed him was dressed; and stated that he "couldn't see very well his face", and was not sure that the defendant was the man who held him up, but that the defendant resembled the man who committed the robbery, and that he thought the defendant was the person; and that the man was in the store for a period of about five minutes.

There was some circumstantial evidence in regard to a small yellow roadster with two red lights in the rear, in which the man who committed the robbery drove away from the scene thereof, and it was shown that for several days, including the time of the robbery, the defendant was in possession of a yellow De Soto roadster, which had two red rear lights. There was testimony about a black overcoat with a velvet collar, which kind of overcoat the defendant admitted he owned, the complaining witness stating that the man who robbed him wore a gray felt hat which was pulled down and a black overcoat with a velvet collar which was turned up. The witness stated that he thought the barrel of the gun was round instead of "square" like the one shown to the witness, and that the collar of the coat came down further than the one introduced in evidence. Evidently, the gun introduced in evidence (which defendant admitted was his property) had a hexagon barrel.

It thus appears that the evidence to identify the defendant as the person who committed the crime was not strong, direct or certain. The best that can be said of it is that it may be legally sufficient to support the verdict.

The main objection of appellant—that the court erred in not giving the instruction requested as to weighing alibi evidence—is well taken. The instruction was substantially correct and should have been given. It has been suggested by the Supreme Court (*People* v. *Visconti*, 31 Cal. App. 169, at p. 172 [160 Pac. 410, 411]) that refusal to give such an instruction may not "in all cases" be deemed sufficient cause for reversal. But in this case such refusal, when coupled with the uncertainty of the identification of the defendant, and the failure of the so-called corroborating evidence to definitely connect the defendant with the crime charged, made such refusal to give such alibi

instruction more prejudicial than in the average case which comes before the court.

From an examination of the entire record in the case and of all of the evidence before the trial court, this court must say "that the error complained of has resulted in a miscarriage of justice". (Sec. 4½, art. VI, Constitution of California.)

It is true that the evidence as to the alibi was very weak; nevertheless, that was a question for the jury to weigh and consider.

The judgment and the order denying motion for a new trial are, and each of them is, reversed.

Conrey, P. J., and Houser, J., concurred.