[Crim. No. 4810. Second Dist., Div. Two. Oct. 2, 1952.]

THE PEOPLE, Respondent, v. GERALD WHITEHEAD et al., Defendants; RICHARD GLADWELL, Appellant.

William Herbert Hall for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

McCOMB, J.—After trial before the court without a jury defendant was found guilty of robbery in the first degree. Defendant appeals from the judgment and from the order denying his motion for a new trial.

*Facts:* On August 7, 1951, defendant and another man took $95 from a liquor store located at 9024 Long Beach Boulevard. The men tied the owner's hands behind his back and while he was in fear of a gun which was pointed at him the robbery was committed. Without objection a confession of defendant was received in evidence.

*Question: Was defendant's confession inadmissible for the reason it had been coerced from him by a beating inflicted by police officers?*

*No.* The record discloses that defendant's confession was received in evidence without objection after a police officer had testified that the conversation with defendant, which constituted the confession, was free and voluntary.

Upon direct examination in his own behalf defendant testified that he was beaten by unknown police officers and therefore forced to state that he had participated in the robbery. This testimony was merely contradictory of the testimony given by Officer Rafferty that the confession was free and voluntary and raised an issue to be determined by the trier of fact, whose determination, supported as it is by substantial evidence, is binding upon an appellate court.

The judgment and order are and each is affirmed.

Moore, P. J., and Fox, J., concurred.