[Crim. No. 5336. Second Dist., Div. Two. July 28, 1955.]

THE PEOPLE, Respondent, v. LESTER CRAWFORD CURTIS, Appellant.

Ward Sullivan for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of incest in violating section 285 of the Penal Code, after trial before a jury, defendant appeals. There are also appeals from (1) the order granting probation, and (2) the order denying his motion for a new trial.

*Questions:* First: *Was there substantial evidence to support the judgment that defendant was guilty of incest?*

*Yes.* The complaining witness, defendant's 15-year-old daughter, testified that on May 6, 1954, defendant had placed his private parts in her private parts.

Clearly this evidence sustained the finding of the trial jury, and no useful purpose would be served by setting forth additional testimony in support of this revolting offense. We therefore refrain from further discussion of the evidence.

Second: *Did the trial court commit prejudicial error in instructing the jury as follows?*

"Evidence was introduced in this case for the purpose of showing that Imogene Curtis, upon whom it is charged the defendant committed the act of incest, was a girl of unchaste character. Such evidence was received and may be considered

by you solely for such bearing as it may have on the question whether or not she gave her consent to the sexual act, if it took place as alleged. If defendant did commit the act upon her as alleged, and if she then bore relationship to him as alleged, even if she consented to the act, that consent is no defense, and if she was of unchaste character, that unchastity is not a defense. If you should find that the evidence establishes the existence of unchastity prior to the alleged event in question, you have a right to infer, if your reason so directs, that there is more likelihood of an unchaste girl consenting to incentuous intercourse than there is of a girl, previously chaste, doing so. And if you should draw that inference and apply it in this case, you may consider it in judging the credibility of said Imogene Curtis as a witness and in weighing her testimony."

*No.* Defendant contends that this instruction was error because it conveyed to the jury the belief that the court was of the opinion that the prosecuting witness was of unchaste character and for that reason there was more likelihood that the offense was committed.

This contention is erroneous. From a reading of the instruction it is clear that the court instructed the jury (1) that both consent and/or unchastity were not defenses, and (2) that if the jury determined from the evidence that the complaining witness was unchaste they could infer that there was more likelihood of her consenting to this relationship than if she were previously chaste, and that if they drew this inference they could consider it in judging the credibility of her testimony. The instruction was merely the pointing out of another ground upon which the jury could find that the testimony of the prosecutrix was impeached. As such, it could not be detrimental or prejudicial to defendant.

There is no merit in defendant's contention that there was no evidence in the record that the prosecutrix had previously been unchaste. Defendant himself introduced such evidence when he testified that she stayed out late at night and he was afraid she had had sexual intercourse.

■ Third: *Did the trial court commit prejudicial error in admitting into evidence tape recordings of defendant's conversation with investigating officers on May 8, 1954?*

*No.* Certain portions of the tape recording were difficult to understand. However, the court reporter was not asked to transcribe any of the tape recording and there was no evidence to show that anything which was unintelligible was preju-

dicial to defendant, with the exception of an admission by defendant in which he stated that he had been previously arrested several times for being drunk and disturbing the peace. The trial court instructed the jury that this portion of the tape recording was stricken and admonished them to disregard it.

Having failed to show in the record that there was anything in the tape recording prejudicial to defendant, he has not sustained the burden resting upon him of showing *prejudicial error* occurring in the trial court.

*People* v. *Stephens,* 117 Cal.App.2d 653 [256 P.2d 1033], relied on by defendant, is not here applicable for the reason that in such case a transcription of the tape recordings was before the appellate court, and in many instances the official reporter had noted them as being unintelligible and had therefore been unable to transcribe the testimony.

The rule applicable to the facts of the present case was well stated in *People* v. *Jackson,* 125 Cal.App.2d 776, by Mr. Justice Fox, at page 779 [4a] [271 P.2d 196], as follows:

"Appellants' contention that the tape recordings were not admissible in evidence is based on the assertion that they were inaudible and unintelligible. There seems to have been some difficulty in playing the recordings loud enough for all interested parties to hear. Specifically, counsel for appellants claimed he could not hear a word. Just what his vantage point was as compared with that of the jury, or the condition of his hearing, does not appear. There was no complaint from any member of the jury that they could not hear and understand the playing of the recordings. When the playing was completed the prosecutor asked whether the jury heard the last portion. There was no negative response. We may assume the machine and the loud speaker were placed so as to give the jury the best possible opportunity to hear and understand the recordings—a better opportunity than counsel had. Since there was no complaint from the members of the jury it is a fair inference that they heard and understood the recordings. The fact that a recording may not be clear in its entirety does not of itself require its exclusion from evidence 'since a witness may testify to a part of a conversation if that is all he heard and it appears to be intelligible.' (*People* v. *Porter,* 105 Cal.App.2d 324, 331 [233 P.2d 102].)"

The judgment and orders are, and each is, affirmed.

Moore, P. J., and Fox, J., concurred.