[Crim. No. 39479. Second Dist., Div. Four. Nov. 20, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN COLDS, Defendant and Appellant.

[Crim. No. 39678. Second Dist., Div. Four. Nov. 20, 1981.]

THE PEOPLE, Plaintiff and Appellant, v.
JOHN COLDS, Defendant and Respondent.

[Civ. No. 61729. Second Dist., Div. Four. Nov. 20, 1981.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
JOHN COLDS, Real Party in Interest.

COUNSEL

John K. Van de Kamp, District Attorney, Harry B. Sondheim and Roderick W. Leonard, Deputy District Attorneys, for Plaintiff and Appellant, Plaintiff and Respondent and Petitioner.

Joseph P. Farnan, under appointment by the Court of Appeal, for Defendant and Appellant, Defendant and Respondent and Real Party in Interest.

No appearance for Respondent court.

OPINION

**KINGSLEY, Acting P. J.**—Defendant was charged with a violation of section 11379.5 of the Health and Safety Code (transportation and sale of phencyclidine). After trial by the court (trial by jury having been duly waived), he was found guilty as charged. He was sentenced to the middle term of four years. He has appealed. We affirm the conviction.

The People, both by appeal (Crim. No. 39678) and by petition for writ of mandate (Civ. No. 61729), have attacked the sentence as unauthorized, claiming that, on the record, defendant should have been given the upper term of five years. We reverse the judgment and dismiss the petition for mandate.[1]

---

[1]The case law indicates that the People may proceed either by appeal or by writ (*People v. Martinez* (1979) 88 Cal.App.3d 890, 893-894 [152 Cal.Rptr. 204].) Here,

I

■ On his appeal, defendant contends only that the evidence does not support the conviction. We disagree. The case for the People was that defendant had accompanied two other men (codefendants in the case) while they discussed with undercover agents the sale of PCP in gallon lots, had accompanied his companions to a rendezvous where the purchase price was exhibited and, at the request of one of his companions, produced the PCP from a leather bag he was carrying. Defendant testified that he had accompanied the other two men to a bar, thinking only that they were to drink together, had not heard the conversation, and was carrying the bag only because he thought it should not be left in an unlocked car, and had no knowledge of its contents.

As defendant correctly argues, conviction of a violation of section 11379.5 requires proof of both possession and knowledge of the character of the material possessed. We cannot say that the trial court was not entitled to reject defendant's story (which contained some unexplained and unlikely factors)[2] and infer, from the People's evidence, that defendant was well aware of the fact that he was carrying the PCP involved and was a party to the sale.

II

■ At the time of sentencing, the People urged the upper term be imposed. The trial court said: "The sentence for this is three, four or five years in prison and there is enough in this probation report for me to aggravate it up to an upper term, five years, but I will take into consideration that the defendant did waive a jury trial."

The People argue, correctly, that waiver of jury trial is not a basis for any mitigation of punishment otherwise required. Just as an insistence on a jury trial does not support an aggravation (*People* v. *Morales* (1967) 252 Cal.App.2d 537, 542-546 [60 Cal.Rptr. 671]), so a court may not impose a lesser sentence because of a waiver of trial (*People* v. *Superior Court* (*Felmann*) (1976) 59 Cal.App.3d 270 [130 Cal.Rptr. 548].) Defendant argues that, although the waiver of jury trial was the

---

since the case is ready for decision on the appeal, resort to a writ is unnecessary. We therefore elect to proceed on the appeal and dismiss the petition for a writ.

[2]For example, he testified that the first meeting was at a bar in a hotel at Figueroa and Wilshire and that the group then walked "across the street" to Exposition Park for the final sale. The park is at least three miles from the hotel!

only reason stated by the trial court for not imposing the upper term, there were matters in the probation report that it could have relied on. The matters thus urged on us are not among the criteria for mitigation set forth in rule 423, California Rules of Court. If a trial court elects to consider other factors, rule 408 requires it to state them on the record; here no additional factors are mentioned. The sentence imposed was unauthorized and illegal.

In case No. 39479, the conviction is affirmed; in case No. 39678, the judgment is reversed and the case is remanded for resentencing; in case No. Civ. 61729, the petition is dismissed.

Woods, J., and Dell, J.,* concurred.

A petition for a rehearing was denied December 7, 1981.

---

*Assigned by the Chairperson of the Judicial Council.