[No. A045418. First Dist., Div. Three. Apr. 21, 1989.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
CLIFFORD BOLDEN, Real Party in Interest.

**COUNSEL**

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M.

Helfman and Landra E. Rosenthal, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Michael Gaines and Martin Lurie for Real Party in Interest.

**OPINION**

**MERRILL, J.**—The People of the State of California challenge a superior court ruling granting a motion made under Penal Code section 995. The court dismissed both a charge of robbery and an allegation that the robbery "special circumstance" should be used to enhance the punishment for a murder charge. The court ruled that in light of *People* v. *Morris* (1988) 46 Cal.3d 1, 20-21 [249 Cal.Rptr. 119, 756 P.2d 843], the evidence did not permit an inference that the defendant formed the intent to steal before or during the killing. We conclude that the court erred in its application of *Morris* to the holding order in this case.

I

In broad outline, the prosecution presented the following evidence at the preliminary examination. Testimony revealed that the victim was an adult homosexual male. Evidence indicated that he was killed on the sofa in his living room, having been stabbed in the back and the chest. His body was found in the bathtub, wrapped in a bedspread. An empty wine bottle and two wine glasses were on the living room coffee table. At the time of the autopsy, the victim's blood-alcohol level was 0.36, suggesting that at the time of death he was very inebriated. There was no evidence of a struggle.

Defendant's fingerprints were found on a wine glass and the wine bottle, and his palm print was found on the bathtub. When arrested two days after the killing, defendant carried a double-edged knife strapped to his leg. The wounds on the victim were consistent with the blade of defendant's knife. Defendant carried the victim's bracelet in his pocket. A search of defendant's apartment uncovered the victim's binoculars, camera, wristwatch and coins from the victim's collection.

The victim was not in the habit of bringing home strangers, but if drunk might do so. He was known to visit a particular bar about three times a week.

At the close of the preliminary examination, the defense argued that there was insufficient evidence to support a finding that the victim's property was taken by force and fear. The magistrate disagreed, and held defendant to answer for robbery and murder with a robbery "special circumstance."

The People filed an information in superior court charging murder with a robbery special circumstance, a separate count of robbery and several prior felony convictions. The defense moved to dismiss both the robbery count and the robbery special circumstance. (Pen. Code, § 995.) After hearing, the court granted the defense motion. This petition by the People followed.

## II

A court order dismissing part of an information is appealable by the People. (Pen. Code, § 1238, subd. (a)(1); *People* v. *Fraijo* (1977) 78 Cal.App.3d 977, 980-981 [144 Cal.Rptr. 424].) ■ We conclude, however, that appeal is not an adequate remedy here. Trial on the murder charge is scheduled for April 24, 1989. Unwarranted complications would be introduced if that trial were to take place before a ruling on the appeal. A stay of the murder trial would cause unnecessary delay in that proceeding. The issue is clear and may be resolved expeditiously by writ of mandate. (See *People* v. *Superior Court (Smart)* (1986) 179 Cal.App.3d 860, 862 [225 Cal.Rptr. 62]; *People* v. *Martinez* (1979) 88 Cal.App.3d 890, 894 [152 Cal.Rptr. 204].)

## III

■ Evidence will support a holding order if it "shows 'reasonable or probable cause' for the commitment. It will do this, without regard to whether it might support [the defendant's] conviction . . . if it provides 'some rational ground for assuming the possibility' that the [crime] was committed and that [the defendant] may be guilty of it. A reviewing court may not substitute its judgment for that of the magistrate as to the weight of the evidence, and every legitimate inference to be drawn from it must be drawn in favor of the information. [Citations.]." (*Ghent* v. *Superior Court* (1979) 90 Cal.App.3d 944, 955 [153 Cal.Rptr. 720]; see *Rideout* v. *Superior Court* (1967) 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197], for early California Supreme Court authorities.)

In *Ortega* v. *Superior Court* (1982) 135 Cal.App.3d 244 [185 Cal.Rptr. 297], the court applied these well-established principles to sustain a holding order where the evidence could have supported either of two inferences about when the defendant formed an intent to take the victim's purse. At

Ortega's request, defendant Morales had murdered the victim as the two defendants drove her to a vineyard near Lodi. Morales returned home that night with the victim's purse. Morales argued that there was insufficient evidence adduced at the preliminary examination to support the charge of robbery and the robbery special circumstance. He asserted that there was no evidence to show that an intent to steal motivated the attack on the victim.

The *Ortega* court rejected Morales's contention, stating the following: "Ordinarily, a showing that defendant took property from the victim of an assault provides a strong inference that the act of force was motivated by an intent to steal. However, the usual inference may be weakened here and not available. Morales submits the evidence shows the most likely explanation of the events is the victim was attacked as a result of some motive other than to acquire her purse and it remained in the car after the attack accidentally. If this account is correct no robbery occurred. (See *People* v. *Green* [1980] 27 Cal.3d [1, 52-54] (164 Cal.Rptr. 1, 609 P.2d 468).) The argument continues, since this version of the events is the most probable based on the evidence, there is no reasonable or probable cause sufficient to bind him over for trial.

"We are not at liberty to select from available inferences. The evidence permits two inferences about Morales' intent. He may have formed an intent to take Terri's purse before the attack or he may have been oblivious to the purse until he returned to the car after the attack was completed. No item of evidence lends differential weight to either inference. If the same evidence is presented at trial the jury could not find Morales guilty of robbery. However, as related above, the evidence to support an information need not be sufficient to support a conviction. It is possible to infer that Morales was aware Terri was carrying a purse and to infer he resolved to take it from her before the attack. We are required to accept that inference in reviewing the sufficiency of the information. It provides reasonable and probable cause to support a charge of robbery." (*Ortega* v. *Superior Court, supra,* 135 Cal.App.3d at pp. 256-257, fn. omitted.)

At the hearing on the motion to dismiss, the court questioned defense counsel about why *Ortega* did not control the result here. After extensive discussion, the court concluded that the California Supreme Court's recent decision in *People* v. *Morris, supra,* 46 Cal.3d 1, had done "considerable damage" to *Ortega,* making it more difficult for the prosecution to obtain a holding order for the robbery of a homicide victim.

We conclude that the court below read too much from *Morris. Morris* was not a challenge to a holding order by the magistrate, but an

appeal from a conviction by a jury and a sentence of death. The court there, on facts very different from those presented in this case, found that there was "nothing . . . from which the jury could reasonably infer that defendant deprived the victim of personal property in his possession by means of force or fear." (46 Cal.3d at p. 20, fn. omitted.) It then made the following comments, found significant by the court in this case: "We may *speculate* about any number of scenarios that may have occurred on the morning in question. A reasonable inference, however, ' " ' " ' 'may not be based on suspicion alone, or on imagination, speculation, supposition, surmise, conjecture, or guess work.' . . .' " [¶] . . . ' " ' " ' " ' "A finding of fact must be an inference drawn from evidence rather than . . . a mere speculation as to probabilities without evidence." ' " ' " ' " ' " [Citations.] In the absence of any substantial evidence that the taking was accomplished either before or during the killing by means of force or fear, we must conclude that the evidence will not support a conviction of robbery. Absent substantial proof of the robbery, the special circumstance finding of robbery-murder must fall. [Citations.]" (*Id.*, at p. 21.)

The court below was persuaded that the *Morris* language, though written in connection with review of a conviction, barred the magistrate here from drawing an inference that the defendant intended robbery at the time of the killing. We believe the court was in error in this regard. *Morris* ruled that a *finding of fact* could not be based upon mere speculation without the support of substantial evidence. But a holding order does not require findings of fact or substantial evidence which will support a conviction. "[T]he burden on the prosecution before the magistrate is quite distinct from that necessary to obtain a conviction before a judge or jury. 'Of course, the probable cause test is not identical with the test which controls a jury . . . . The jury must be convinced to a moral certainty and beyond a reasonable doubt of the existence of the crime charged in the information and of every essential element of that crime. But a magistrate conducting a preliminary examination must be convinced of only such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused. [Citations.] In other words, "Evidence that will justify a prosecution need not be sufficient to support a conviction . . . . *An information will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it.* [Citations.]" ' (*Taylor* v. *Superior Court* (1970) 3 Cal.3d 578, 582 [91 Cal.Rptr. 275, 477 P.2d 131]; *Rideout* v. *Superior Court* [, *supra,* ] 67 Cal.2d [at p.] 474; italics added.)" (*People* v. *Slaughter* (1984) 35 Cal.3d 629, 637 [200 Cal.Rptr. 448, 677 P.2d 854].)

## IV

In order to expedite reinstatement of the charges, we issue a peremptory writ of mandate in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the Superior Court for the City and County of San Francisco to vacate its order dismissing the robbery charge and special circumstance allegation and to enter a new order denying the defendant's motion to dismiss.

Barry-Deal, Acting P. J., and Strankman, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied July 13, 1989.