[No. B061949. Second Dist., Div. Five. July 30, 1992.]

THE PEOPLE, Plaintiff and Appellant, v.
THEODORE LYNN ALEXANDER, Defendant and Respondent.

**COUNSEL**

Ira Reiner, District Attorney, Harry B. Sondheim, Chief Deputy District Attorney, and Corene S. Locke-Noble, Deputy District Attorney, for Plaintiff and Appellant.

Fritzie Galliani, James Vitek and Gary M. Mandinach for Defendant and Respondent.

## OPINION

**TURNER, P. J.**—The People appeal from a judgment after the trial court struck two enhancements pursuant to Penal Code section 667.5, subdivision (b), and another enhancement pursuant to Health and Safety Code section 11370.2, subdivision (a), purportedly under the authority of Penal Code section 1170.1, subdivision (h). Defendant was arrested on September 22, 1989, after selling cocaine to an undercover narcotics investigator. Arraigned in superior court on October 17, 1989, defendant's cause was not called for trial until January 17, 1990, and the case trailed until January 30, 1990, which was the last day upon which the matter could be tried without a dismissal being entered pursuant to Penal Code section 1382, subdivision (a)(2)(B). On January 30, 1990, over the objection of the deputy district attorney, the court indicated it allowed defendant to plead guilty to the charge of sale of cocaine in violation of Health and Safety Code section 11352, subdivision (a) and receive a term of four years. Although defendant admitted he had served two prior prison terms within the meaning of Penal Code section 667.5, subdivision (b), and had been previously convicted of sale of cocaine within the meaning of Health and Safety Code section 11370.2, subdivision (a), the trial judge purported, over the prosecutor's objection to "stay" the five years worth of enhancements.

The People appealed the order "staying" the prior prison terms and the drug conviction enhancements. On April 15, 1991, in an unpublished opinion, this court reversed the order "staying" the enhancements under the authority of *People* v. *Cattaneo* (1990) 217 Cal.App.3d 1577, 1589 [266 Cal.Rptr. 710], *People* v. *Ruby* (1988) 204 Cal.App.3d 462, 465-466 [251 Cal.Rptr. 349], and *People* v. *Eberhardt* (1986) 186 Cal.App.3d 1112, 1121-1123 [231 Cal.Rptr. 387] and remanded the case "for resentencing where the enhancements are to be imposed or stricken in compliance with Penal Code section 1170.1, subdivision (h) . . . ." (*People* v. *Alexander* (Apr. 15, 1991) B049612.)

On August 1, 1991, after issuance of this court's remittitur, the probation and sentence hearing was held. The trial court struck the three enhancements. The court gave as its reason for striking the enhancements the following: "We'll strike the enhancements based upon the mitigating factor that defendant did plead out prior to the time of trial, which is a factor in mitigation, which is, as far as this Court is concerned, in the early stages of

the criminal proceedings. [¶] So the Court will reaffirm the prior sentence of the midterm of four years. Okay. And we'll strike the enhancements of Penal Code section 667.5(b) and Health and Safety Code section 11370(a)(c), I believe it is."[1] The prosecutor had specifically objected to an order striking the three enhancements on the ground that defendant had pled guilty or admitted guilt at an early stage of the proceedings. From the order striking the three enhancements, the People have appealed.

█   We agree with the prosecution that the trial court abused its discretion in striking the two 1-year enhancements pursuant to Penal Code section 667.5, subdivision (b) and the three-year enhancement pursuant to Health and Safety Code section 11370.2, subdivision (a). In the "*absence* of legally cognizable circumstances in mitigation the trial court *must* impose the enhanced penalty. [Citation.]" (*People* v. *Jordan* (1986) 42 Cal.3d 308 [228 Cal.Rptr. 197, 721 P.2d 79], 318, original italics.) A sentencing court may strike an enhancement, such as those in the present case, pursuant to Penal Code section 1170.1, subdivision (h) "if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment." Rule 428(a) of the California Rules of Court states in relevant part, "If the judge has statutory discretion to strike the additional term for an enhancement, the court may consider and apply any of the circumstances in mitigation enumerated in these rules or, pursuant to rule 408, any other reasonable circumstances in mitigation that are present."

The trial court relied upon two factors in striking the three enhancements. We agree with the prosecution that neither reason is one which is a reasonable circumstance in mitigation. First, waiver of a jury trial is not a factor in mitigation. (*People* v. *Colds* (1981) 125 Cal.App.3d 860, 863-864 [178 Cal.Rptr. 430].) Second, there is no substantial evidence "defendant voluntarily acknowledged wrongdoing prior to arrest or at an early stage of the criminal process" within the meaning of rule 423(b)(3) of the California Rules of Court. █   Defendant never confessed after the arrest to the charged crime. Defendant's plea on January 30, 1990, 131 days after his arrest, on the final day of the trailing period specified in Penal Code section 1382, subdivision (a)(2)(B) was not at an "early stage of the criminal process" as a matter of law. Further, there is substantial authority for the proposition that a plea agreement which leads to the dismissal as part of a plea agreement of allegations of prior convictions is outside the scope of rule 423(b)(3). (*People* v. *Burg* (1981) 120 Cal.App.3d 304, 306 [174 Cal.Rptr. 491]; *People* v. *Gaskill* (1980) 110 Cal.App.3d 1, 5 [167 Cal.Rptr. 549].)

---

[1]The enhancement was actually one pursuant to Health and Safety Code section 11370.2, subdivision (a).

■ Defendant's argument that the sentencing court could strike the enhancements pursuant to Penal Code section 1385, subdivision (a) was not raised in the trial court at either of the two sentencing proceedings and has now been waived. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1138 [275 Cal.Rptr. 797, 800 P.2d 1227]; *People* v. *Johnson* (1979) 95 Cal.App.3d 352, 359 [157 Cal.Rptr. 150].) Further, the trial court did not purport to exercise discretion pursuant to Penal Code section 1385, subdivision (a).

On remand, the following is to occur. First, if the court desires to once again strike any of the enhancements, it must rely upon a proper factor in mitigation. Nothing in this opinion should be construed as a statement of views that there is a proper evidentiary basis for concluding any legitimate factors in mitigation exist as to this defendant who has twice been previously convicted of felonies. Second, if the court announces its intention to impose the enhancements and the total term thereby would exceed the four-year offer made to defendant and accepted by him at the time of his plea, he will be free to move to withdraw his plea and set the case for trial because the trial court originally induced the plea with its offer of four years. (*People* v. *Delles* (1968) 69 Cal.2d 906, 910 [73 Cal.Rptr. 389, 447 P.2d 629].)

The judgment is reversed, and the case is remanded to superior court for proceedings consistent with those specified in this opinion.

Boren, J., and Grignon, J., concurred.