Filed 10/8/14  P. v. Super. Ct. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Petitioner, | E061778 |
| v. | (Super.Ct.No. BLF1300145) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| ANTHONY FRANK HAIRSTON, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of prohibition/mandate.  William S. Lebov, Judge.  (Retired Judge of the Yolo Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Petition granted.

Paul E. Zellerbach, District Attorney, and Alan D. Tate, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Steven L. Harmon, Public Defender, and William A. Meronek, Deputy Public Defender, for Real Party in Interest.

The court has read and considered the record, as well as the petition and the opposition thereto, which we conclude adequately address the issues raised by the petition. We have concluded that an alternative writ would add nothing to the presentation already made and would cause undue delay in bringing this action to trial. We therefore issue a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-179; *Alexander v. Superior Court* (1993) 5 Cal.4th 1218, 1222-1223, disapproved on another ground in *Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 724, fn. 4.)

Even though the order dismissing part of the information is appealable, writ review is appropriate to resolve the matter expeditiously in light of the impending trial on the remaining count. (*People v. Superior Court* (*Bolden*) (1989) 209 Cal.App.3d 1109.)

The standard of review in considering a motion brought under Penal Code section 995[1] is well established. "An information will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it. A reviewing court may not substitute its judgment as to the weight of the evidence for that of the magistrate, and every legitimate inference that may be drawn by the reviewing court from the evidence must be drawn in

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

favor of the information. (*Rideout v. Superior Court* (1967) 67 Cal.2d 471, 474.)"

(*Caughlin v. Superior Court* (1971) 4 Cal.3d 461, 464-465.)

An appellate court must disregard the ruling of the superior court and directly review the determination of the magistrate holding the defendant to answer. (*People v. Laiwa* (1983) 34 Cal.3d 711, 718.)

Applying these principles to the instant case, we must conclude that the superior court erred in dismissing the charges of burglary (§ 459) and assault with a deadly weapon (§ 245, subd. (a)(1)).

*Burglary.* With respect to the burglary charge, there clearly was sufficient evidence from which to infer that real party in interest (real party) entered the apartment to commit a felony—to wit, to inflict corporal injury on his estranged wife. The trial court relied on the fact that he did not enter the apartment with the knife. We do not find this to be significant under the circumstances. He pounded on the rear sliding glass door and demanded to be let in. He yelled and kicked at the front door. When he finally gained entrance, he dragged his wife from the bedroom to a place where he could readily obtain the knife. While he may or may not have entered the apartment thinking he would get the knife, one can reasonably infer he did. An even stronger inference can be drawn from the evidence that he entered the apartment with the intent to inflict some form of corporal punishment on his wife.

Real party moved to set aside the burglary charge in part on the ground that he had an ongoing possessor interest in the apartment. Although the superior court did not

3

appear to base its ruling on this issue, we note that a person can be convicted of burglarizing what had been his home if he has previously given up possessory interest in it. (See *People v. Gill* (2008) 159 Cal.App.4th 149, 161; *People v. Ulloa* (2009) 180 Cal.App.4th 601, 606-607.) In *Ulloa*, the estranged husband was guilty of burglary when he entered the apartment and took money from his wife's purse. Even though he was still a cotenant on the lease, the evidence showed he had moved out and no longer had an unconditional possessory interest in the apartment. The facts here with respect to real party's possessory interest in the apartment are similar to those in *Ulloa*, supporting a conclusion that real party can be found guilty of burglary.

*Assault.* Assault and assault with a deadly weapon are general intent crimes that do not require a specific intent to injure the victim or a subjective awareness of the risk that an injury might occur. (*People v. Williams* (2001) 26 Cal.4th 779, 788, 790.) "Rather, assault only requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another." (*Id*. at p. 790.)

In order to establish an assault, the People need not prove that the defendant actually made an attempt to strike or use the weapon on the victim. (*People v. McCoy* (1944) 25 Cal.2d 177, 189 [victim was threatened with knife held inches from her face before and after she was knocked to sidewalk]; see also *People v. Colantuono* (1994) 7 Cal.4th 206, 219 ["As this court explained more than a century ago, 'Holding up a fist in

4

a menacing manner, drawing a sword, or bayonet, presenting a gun at a person who is within its range, have been held to constitute an assault' "].)

Based on the standard of review set forth above, there clearly seems to be sufficient evidence to hold real party to answer on the assault with a deadly weapon charge.

## DISPOSITION

Let a peremptory writ of mandate issue directing the Superior Court of Riverside County to set aside its order granting real party's section 995 motion and to enter a new order reinstating the charges of burglary and assault with a deadly weapon.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
Acting P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.

5