[Crim. No. 32999. Second Dist., Div. Five. Mar. 13, 1979.]

In re FRANK F., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
FRANK F., Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Donald L. A. Kerson and Michael S. McCormick, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Howard H. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KAUS, P. J.**—The juvenile court found that the minor was a person who came within the provisions of section 602 of the Welfare and Institutions Code in that he had violated section 192, subdivision 3 of the Penal Code—vehicular manslaughter. There is no dispute concerning the sufficiency of the evidence which showed that the minor, intoxicated, drove a station wagon which collided with the center divider of a freeway and came to rest in such a way that it blocked more than one lane of traffic. The minor fled the scene. A few minutes later a Corvette driven by one Nersessian hit the station wagon head on. The accident eventually caused Nersessian's death. Expert testimony established that shortly after the accident the minor's blood contained .23 percent alcohol.

## ISSUE

The only contention on appeal is that the juvenile court petition should not have proceeded by reference to the vehicular manslaughter statute (Pen. Code, § 192, subd. 3), but should have been based on section 23101 of the Vehicle Code—commonly known as felony drunk driving. What gives some substance to the argument is the fact that since the 1977 amendment to the latter statute (Stats. 1977, ch. 592, § 1), the relevant subdivision mentions death as well as bodily injury.[1]

The point made is that the Vehicle Code section in question is a special statute, that vehicular manslaughter is a general statute and that prosecution under the general statute is therefore precluded. (*People* v. *Ruster* (1976) 16 Cal.3d 690, 694 [129 Cal.Rptr. 153, 548 P.2d 353, 80 A.L.R.3d 1269]; *People* v. *Gilbert* (1969) 1 Cal.3d 475, 479 [82 Cal.Rptr. 724, 462 P.2d 580]; *In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593].)

---

[1]The statutory history is curious. In 1972 the Legislature rewrote section 23101 of the Vehicle Code. Subdivision (a) applied to vehicles driven on highways and subdivision (b) to vehicles driven "other than on a highway. . . ." Subdivision (b) has applied to cases involving death or bodily injury from the time of its enactment in 1972, but the words "death or" were not added to subdivision (a) until five years later. That subdivision now reads as follows: "(a) It is unlawful for any person, while under the influence of intoxicating liquor, or under the combined influence of intoxicating liquor and any drug, to drive a vehicle upon a highway and when so driving do any action forbidden by law or neglect any duty imposed by law in the driving of such vehicle, which act or neglect proximately causes *death or* bodily injury to any person other than himself."

The minor's argument raises several interesting questions which we need not answer.[2] The reason is, simply, our conviction that his position runs counter to the legislative intent. ■ "In an inquiry whether a special criminal statute supplants a general criminal statute, our prime, if not only, consideration is whether the Legislature so intended. . . . *People* v. *Ruster, supra,* declares, as noted, that such '[s]tatutes are to be construed so as to effect the intent of the Legislature.' In this area, as elsewhere, that rule has been consistently reiterated. (See *People* v. *Ali,* 66 Cal.2d 277, 280 [57 Cal.Rptr. 348, 424 P.2d 932]; *People* v. *Phillips,* 64 Cal.2d 574, 582 [51 Cal.Rptr. 225, 414 P.2d 353]; *People* v. *Scott,* 259 Cal.App.2d 589, 591-592 [66 Cal.Rptr. 432]; *People* v. *Swann,* 213 Cal.App.2d 447, 451 [28 Cal.Rptr. 830].)" (*People* v. *Weltsch* (1978) 84 Cal.App.3d 959, 964 [149 Cal.Rptr. 112].)

■ If, as the minor contends, the Legislature had intended section 23101 of the Vehicle Code to supplant the vehicular manslaughter statute as far as intoxicated drivers are concerned, it would have mitigated the penal consequences for any intoxicated driver who kills more than one victim, for it is settled that under the manslaughter statutes, each victim represents a separate violation (*People* v. *De Casaus* (1957) 150 Cal.App.2d 274, 280 [309 P.2d 835]), but that in a prosecution under section 23101 of the Vehicle Code, the number of violations does not increase with each additional victim. (*People* v. *Moore* (1971) 20 Cal.App.3d 444, 450-451 [97 Cal.Rptr. 601]; *People* v. *Lobaugh* (1971) 18 Cal.App.3d 75, 79-80 [95 Cal.Rptr. 547].) It defies common sense that in making section 23101 applicable to intoxicated drivers who kill, the Legislature intended to decrease the number of crimes when more than one person is killed.

The minor contends, however, that *People* v. *De Casaus, supra,* 150 Cal.App.2d 274, is no longer good law. His argument is that the basic rule, recognized in *Neal* v. *State of California* (1960) 55 Cal.2d 11, 20-21 [9 Cal.Rptr. 607, 357 P.2d 839], that multiple victims justify multiple punishments is inapplicable where a defendant's conduct consists of "mere" negligence. The law is to the contrary. (*People* v. *Lockheed*

---

[2]For example: (1) If his point has merit, what are the consequences of it not having been raised in the trial court? (2) Which of the two statutes involved is the "special" and which is the "general" one? Felony drunk driving is certainly more specific as to the prohibited conduct, but more general concerning the consequences to the victim—"death or bodily injury." Vehicular manslaughter on the other hand, is more specific concerning the latter point, but more general as far as the prohibited conduct is concerned.

*Shipbuilding Constr. Co.* (1977) 69 Cal.App.3d Supp. 1, 12-14 [138 Cal.Rptr. 445].) In any event, the argument misses the point even if it were correct: it would only affect the issue of multiple punishment, as distinguished from the question of multiple violations.

Affirmed.

Stephens, J., and Ashby, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 10, 1979.