[Crim. No. 11225. Third Dist. June 12, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
GERALD PAUL BURG, Defendant and Appellant.

COUNSEL

Ronald W. Dahl, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and Lisa Lewis Dubois, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**PARAS,** ▆▆▆▆ Pursuant to a plea bargain, defendant entered a plea of guilty to violating Health and Safety Code section 11351 (possession for sale of cocaine).[1] His appeal attacks the sentence imposed; he asserts the court erred in sentencing him to the upper four-year term.

Specifically, defendant claims the court failed to give proper consideration to factors cited in mitigation. The record belies the claim. While

---

[1] Defendant was originally charged with possession for sale of cocaine (Health & Saf. Code, § 11351), possession of cocaine (Health & Saf. Code, § 11350), and being an ex-felon in possession of a firearm. (Pen. Code, § 12021.) The latter two charges were dismissed, as were allegations that defendant had suffered five previous felony convictions, in return for the plea to possession for sale of cocaine.

a trial court is not required to indicate its reasons for rejecting a mitigating factor (*People* v. *Davis* (1980) 103 Cal.App.3d 270, 281 [163 Cal.Rptr. 22]), the sentencing court here indicated that though some mitigating circumstances may have been demonstrated, they were clearly outweighed by the fact that defendant was on parole when he committed the present offense. .

Moreover, in stating its reasons for denying probation (factors which may also be properly considered as circumstances in aggravation) (see *People* v. *West* (1980) 107 Cal.App.3d 987, 995 [165 Cal.Rptr. 24]; *People* v. *Butler* (1980) 107 Cal.App.3d 251, 254-255 [165 Cal.Rptr. 709]; *People* v. *Ramos* (1980) 106 Cal.App.3d 591, 600 [165 Cal.Rptr. 179]; *People* v. *Eades* (1979) 95 Cal.App.3d 688, 691 [157 Cal.Rptr. 223]; and see Cal. Rules of Court, rule 441(a)), the sentencing court noted (a) that defendant constitutes a danger to the community, (b) the degree of planning and sophistication regarding the present offense, (c) that defendant's criminal record includes 4 prison commitments within the last 23 years, and (d) that defendant's prior performances on probation and parole were unsatisfactory. Neither in the trial court nor on appeal has defendant disputed the validity of these factors.

Counsel for defendant cited two factors in mitigation, defendant's early admission of guilt and his relative lack of involvement in the crime vis-á-vis his codefendant Elliot Coulston. Closely analyzed, neither factor is inspiring. In support of the assertion that defendant was not as "involved" as his codefendant, counsel argued: "The house was Mr. Coulston's house, the various items referred to by the Probation Department, such as scales and packaging material, were in that house six months previously when the police were called to the house on a burglary charge. At that time, Mr. Burg was not even a resident of that house." Whether defendant was a resident of the house at the time the narcotics paraphernalia was first brought into it is irrelevant. The fact remains that there was apparently a sufficient nexus between defendant and the house at the time of arrest to warrant a plea of guilty. Nothing more is required. Moreover, this defendant's early admission of guilt may not be considered a mitigating circumstance. Defendant admitted guilt for one reason only—the dismissal of two other felony charges and five alleged prior felony convictions. The Judicial Council did not have a plea bargain in mind when it proposed as a circumstance in mitigation a defendant's early admission of guilt. By way of the very plea bargain, defendant received the full benefit of the admission. To there-

after consider said fact a circumstance in mitigation is analogous to the prohibited "dual use" of circumstances to both aggravate and enhance a defendant's sentence. (See Cal. Rules of Court, rule 441(c).)

The record fully supports imposition of the upper term. The judgment is affirmed.

Puglia, P. J., and Blease, J., concurred.