[No. A024092. First Dist., Div. One. Feb. 25, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK GORDON JONES, Defendant and Appellant.

**COUNSEL**

Nancy A. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Charles J. James and Cynthia Choy Ong, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**NEWSOM, J.**—On May 23, 1982, Carol Ambler and Mike Thoenes invited appellant to an impromptu barbeque at Sandy Wool Lake Park. Appellant arrived at the park about 2 p.m. and left some time before 7 p.m. During his stay at the park, appellant drank beer and liquor, consumed some food, and smoked marijuana with Ambler, Thoenes and three or four other friends. According to witnesses' testimony, approximately one and one-half bottles of whiskey and two 6-packs of beer were consumed by various members of the group.

Appellant left the party before 7 p.m., explaining that he had some things to take care of, but would return to take everyone swimming at his parents' home. He arrived at his home around 7:20 p.m. and stayed about five minutes. Appellant's mother noticed he had been drinking and expressed concern about his driving back to the park to pick up his friends.

After leaving home around 7:35 p.m., appellant was driving his car in an easterly direction on Cropley Road at a speed estimated with wide variance at somewhere between 50 and 95 miles per hour. He ran a stop sign at the intersection of Piedmont and Cropley, narrowly missed colliding with a vehicle approaching the intersection, hit the center median, and then collided with another car. He took no evasive action prior to the collision.

The collision resulted in the death of Zafari and Sitara Noori, a husband and wife; their three-and-one-half-year-old son, Salmin Noori, was injured. Twin fetuses carried by Mrs. Noori were also killed. Appellant, who was conscious at all times, was treated by a paramedic at the scene and then taken to Alexian Brothers Hospital.

Officer Wilfredo Montano interviewed appellant at the hospital, following the latter's waiver of his *Miranda* rights. Appellant said he was driving at about 45-50 miles per hour, and admitted having consumed three beers and three "pretty straight" drinks.

At 8:23 p.m., appellant's blood was drawn and found to contain 0.22 grams ethyl alcohol per 100 milliliters of blood. Based on that data, his blood alcohol level was between .22 and .24 at the time of the accident according to scientific analysis by a licensed forensic alcohol analyst.

After trial, based upon this evidence the jury found appellant guilty of two counts of violating California Penal Code section 192, subdivision 3(b),

a misdemeanor, and two counts of violating Vehicle Code section 23153, subdivision (a).[1]

The court sentenced appellant to one year in county jail for each of the two counts of violating Penal Code section 192, subdivision 3(b), the terms to run concurrently with the principal two-year state prison term received for violating Vehicle Code section 23153, subdivision (a). Another two-year term imposed for the second conviction of Vehicle Code section 23153, subdivision (a) was ordered to run concurrently with the principal term. The court found neither circumstances in aggravation nor in mitigation under California Rules of Court, rules 421 and 423.

■ Appellant first argues that the trial court erred in permitting the People to amend the information to add the charge of causing death while driving under the influence of alcohol. (Veh. Code, § 23153, subd. (a).) He contends that the amendment prejudiced his "substantial rights" and therefore should not have been permitted under section 1009.[2] In support of this claim, he submits that in the course of defending himself against the murder charges on the ground that he was intoxicated to the extent of being unable to act with malice, he necessarily exposed himself to criminal liability for the added charge of driving under the influence of alcohol. Appellant suggests that he could have used other defenses to the murder charge, while at the same time attacking the reliability of the chemical analysis of his blood level. The addition of the Vehicle Code section 23153, subdivision (a) charge during the course of the trial prohibited such a line of defense, however. He adds that the prosecution did not seek to charge him with any crime having intoxication as an element until after he "carried the prosecution's burden on the issue of intoxication and prevailed in the 1118.1 motion."

■ Amendment of an information at trial to state offenses established at the preliminary hearing or even during trial is proper as long as the defendant's substantial rights are not compromised. (*People* v. *George* (1980) 109 Cal.App.3d 814, 818 [167 Cal.Rptr. 603]; *People* v. *Flowers* (1971) 14 Cal.App.3d 1017, 1020 [92 Cal.Rptr. 647].) ■ The crucial inquiry is

---

[1]As they then read.

[2]Penal Code section 1009 states, in relevant part: "The court in which an action is pending may order or permit an amendment of an indictment, accusation or information, or the filing of an amended complaint, for any defect or insufficiency, at any stage of the proceedings, . . . [T]he trial or other proceeding shall continue as if the pleading had been originally filed as amended, unless the substantial rights of the defendant would be prejudiced thereby, in which event a reasonable postponement, not longer than the ends of justice require, may be granted. An indictment or accusation cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination."

whether the timing of the amendment—following the close of the prosecution's case—was prejudicial to appellant. ■ The trial court's decision to permit the amendment cannot be disturbed unless an abuse of discretion is shown. (*People* v. *George, supra,* at p. 819.)

■ Appellant was originally charged with an offense which included as an element driving with an unlawful alcohol level, a violation of Vehicle Code section 23153, subdivision (b). When that count was dismissed on constitutional grounds prior to trial, defense counsel was advised that the violation of section 23153, subdivision (a) might be added to the information. Such violations were rather clearly shown by the evidence to have been committed, and could certainly have been charged in the original information, whether or not it placed the defendant in an awkward position respecting inconsistent defenses. When the motion was granted, arraignment was waived and appellant entered pleas of not guilty to the new charges. No request for a continuance was made, and the trial proceeded.

Appellant had notice from the evidence and directly from the prosecutor that the additional charges might be included in the information. The amendment required no additional evidence or preparation by defense counsel to meet the new charges; it merely conformed the pleading to proof. No request for continuance was ever made. Under these circumstances, we find no abuse of discretion in the trial court's order granting the prosecution permission to amend the information. (*People* v. *George, supra,* 109 Cal.App.3d 814, 819; *People* v. *Hall* (1979) 95 Cal.App.3d 299, 314 [157 Cal.Rptr. 107].)

■ Appellant also contends that because he was not present at the hearing in chambers on his Penal Code section 1118.1 motion and the motion to amend the information, he was denied his constitutional and statutory rights to be present at his trial. (Cal. Const., art. I, § 15; Pen. Code, § 1043.) He concedes that through his attorney he waived his right to be present during the in-chambers discussion, but characterizes the waiver as neither knowing nor intelligent.

In chambers, the prosecution asked for and was granted leave to amend the information to add the two counts of driving under the influence of alcohol and causing death. Subsequently, appellant was called into chambers and advised of the amendment. And, while it is true that he contested the prosecution's request to amend the information, he did not object to his absence from chambers when permission to add the Vehicle Code section 23153, subdivision (a) charges was granted.

Section 977, subdivision (b) of the Penal Code provides in pertinent part that in felony cases "the accused must be present at the arraignment, at the

time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he shall, with leave of court, execute in open court, a written waiver . . . ." According to Penal Code section 1043, subdivision (a): "Except as otherwise provided in this section, the defendant in a felony case shall be personally present at the trial."

In *People* v. *Jackson* (1980) 28 Cal.3d 264 [168 Cal.Rptr. 603, 618 P.2d 149], our high court declared: "The cases which have interpreted the foregoing sections uniformly have held that the accused is not entitled to be personally present either in chambers or at bench discussions which occur outside of the jury's presence on questions of law or other matters in which the defendant's presence does not bear a ' "reasonably substantial relation to the fullness of his opportunity to defend against the charge." ' [Citations.]" (*Id.*, at p. 309.)

Appellant has failed to suggest plausible reasons why his presence at the *in camera* proceeding was necessary. We are unable to discern any way in which his presence would have furthered his interests, and we accordingly conclude that reversal is not mandated by his absence from the *in camera* proceedings. (*Jackson, supra,* 28 Cal.3d at pp. 310-311.)

Appellant's next contentions relate to alleged sentencing errors. First, he complains that the record, including the probation report, reveals numerous factors in mitigation not considered by the trial court: his insignificant record of prior criminal conduct; intoxication; and restitution to the victims through insurance (Cal. Rules of Court, rule 423(b)(1)). Only a single aggravating factor—multiple victims—was mentioned in the probation report (Cal. Rules of Court, rule 421). Appellant argues that by imposing a middle term of two years for each violation of Vehicle Code section 23153, subdivision (a), the trial court improperly ignored the factors in mitigation.

The Attorney General concedes that such factors in mitigation appear in the record—although we confess perplexity that intoxication should be considered a mitigating factor where, as here, it is also an element of the crime. In any event, the record shows that the trial court rejected the mitigating factors, as well as the single factor in aggravation (*People* v. *Humphrey* (1982) 138 Cal.App.3d 881, 882-883 [188 Cal.Rptr. 473]).[3] And while

---

[3]In *Humphrey, supra,* it was held that multiple victims (Cal. Rules of Court, rule 425(a)(4)) cannot be relied upon as an aggravating factor where "no one count involves more than one victim." (*Id.*, at p. 883.) Such is the case here.

stating that it would have imposed an aggravated term if legally justified, the court proceeded to sentence appellant to a middle term of imprisonment on each count.

While the trial court was obliged to consider the factors in aggravation as well as mitigation prior to sentencing appellant (*People* v. *Gilbert* (1943) 22 Cal.2d 522, 528 [140 P.2d 9]), it was not required to set out its reasons for rejecting mitigating factors. (*People* v. *Burg* (1981) 120 Cal.App.3d 304, 306 [174 Cal.Rptr. 491]; *People* v. *White* (1981) 117 Cal.App.3d 270, 280 [172 Cal.Rptr. 612].) The court found "that neither aggravation nor mitigation applies," and accordingly sentenced appellant to the middle term of imprisonment, citing the gravity of the offenses and the need for deterrence as reasons for refusing to grant probation or impose a lower term. Such factors were properly considered by the trial court in aggravation (Cal. Rules of Court, rule 408;[4] *People* v. *Hall* (1980) 112 Cal.App.3d 123, 130-131 [169 Cal.Rptr. 149]); they rationally counterbalance mitigating factors, and hence justify the trial court's sentencing choice under Penal Code section 1170, subdivision (b).

 Appellant also contends that the trial court erred in imposing concurrent sentences for the subordinate terms and argues that all but the principal term should be stayed pursuant to Penal Code section 654 which proscribes multiple punishment for a single indivisible course of conduct. (*People* v. *Miller* (1977) 18 Cal.3d 873, 885 [135 Cal.Rptr. 654, 558 P.2d 552].) We are asked to modify the abstract of judgment accordingly. Because of the welter of new laws enacted in the area of vehicular manslaughter the issue is a thorny one, as a review of case authority reveals.

In *People* v. *Lobaugh* (1971) 18 Cal.App.3d 75 [95 Cal.Rptr. 547], this court, focusing on the purpose of Vehicle Code section 23101 (the predecessor of § 23153), held that Penal Code section 654 precludes multiple punishment for driving under the influence of alcohol even where more than one victim is injured, explaining that: "Unlike the usual 'multiple victim' case, here the fundamental concern of the state is not the outrage done the victims but rather the prevention of 'drunken driving' and the punishment of those who so conduct themselves." (*Id.*, at p. 79.) Thus, the number of violations does not increase with each victim of an intoxicated driver (*ibid.*; see also *In re Frank F.* (1979) 90 Cal.App.3d 383, 386 [153 Cal.Rptr. 375]; *People* v. *Moore* (1971) 20 Cal.App.3d 444, 450-451 [97 Cal.Rptr. 601]) despite the general rule that where a course of conduct results in multiple

---

[4]Rule 408(a) provides: "The enumeration in these rules of some criteria for the making of discretionary sentencing decisions does not prohibit the application of additional criteria reasonably related to the decision being made. . . ."

victims, multiple punishable offenses are committed. (*Neal* v. *State of California* (1960) 55 Cal.2d 11, 20 [9 Cal.Rptr. 607, 357 P.2d 839]; *People* v. *Moore, supra,* at p. 450.)

As we have said, Vehicle Code section 23153 is merely a renumbered version of former section 23101. (Cf. 2 Witkin, Cal. Crimes (1983 supp.) § 636, p. 63.) The purpose of section 23153 is precisely that of its predecessor, and we therefore consider that multiple punishment for felony drunk driving convictions where more than one victim is involved is equally forbidden under its terms.

A different rule has been applied to vehicular manslaughter convictions involving multiple victims (Pen. Code, § 192, subd. 3). Noting that "[i]t is well settled that section 654's prohibition of multiple punishment is inapplicable where the criminal conduct involves 'violence with the intent to harm more than one person or by means likely to cause harm to several persons,'" the court in *People* v. *Eagles* (1982) 133 Cal.App.3d 330 [183 Cal.Rptr. 784], held that consecutive sentences for three deaths caused by a single course of unlawful drunk driving was proper. (*Id.,* at pp. 342-343; see also *In re Frank F., supra,* 90 Cal.App.3d 383, 386-387; *People* v. *De Casaus* (1957) 150 Cal.App.2d 274 [309 P.2d 835].) Rejecting the contention that multiple punishment was precluded under the holding of *Lobaugh* due to the statutory objective (of § 23101) of preventing drunk driving, the court declared: "Penal Code section 192, conversely, is entirely concerned with the 'outrage done the victims.'" (*Eagles, supra,* at p. 343; see also *In re Frank F., supra,* at p. 386.)

With due respect to the court in *People* v. *Eagles, supra,* 133 Cal.App.3d 330, we do not share the notion that Penal Code section 192 is or ought to be "*entirely* concerned with the 'outrage' done to the victims." **(8)** In our opinion a violation of Penal Code section 192, subd. 3(b) need not be based upon *any* intent to *harm* the victim or victims. Indeed, the only intent required for conviction under the section is the intent to drive a vehicle in an unlawful manner. Intoxication is not only *not* an element of the offense—it is expressly excluded as such an element. ▪▪▪ Where as here intoxication *is* proven, conviction under section 23153, subdivision (a) is proper, but since the course of criminal conduct in the two offenses is identical—arising as it does from a single act except for the element of intoxication in section 23153, subdivision (a). Under such circumstances, it seems to us incontestable—as we have previously held in *People* v. *Lobaugh, supra,* 18 Cal.App.3d 75, and notwithstanding the opinions expressed in *People* v. *Eagles, supra,* 133 Cal.App.3d 330—that Penal Code section 654 prohibits multiple punishment, concurrent or consecutive, for a single course of criminal conduct.

Accordingly, the abstract of judgment shall be amended to reflect but a single conviction of Vehicle Code section 23153, subdivision (a), and the remaining violations shall be stricken. The judgment, including the imposition of the two-year state prison sentence, is in all other respects affirmed.

Racanelli, P. J., and Elkington, J., concurred.