[No. F011905. Fifth Dist. June 27, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN DALE WINTERS, Defendant and Appellant.

**COUNSEL**

Gregory M. Chappel, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Maureen A. Daly, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

MARTIN, Acting P. J.—On September 30, 1988, defendant waived his right to a preliminary examination in the West Kern Municipal Court on a charge of possession of methamphetamine for sale (Health & Saf. Code, § 11378). Thereafter, the Kern County District Attorney filed an information in superior court charging defendant with possession of methamphetamine for sale (Health & Saf. Code, § 11378).

Defendant initially moved to suppress evidence of the alleged offense (Pen. Code, § 1538.5),[1] but on November 14, 1988, defendant withdrew his suppression motion.

On February 6, 1989, jury trial commenced in superior court. During trial, the superior court granted the People's motion to amend the information by adding a charge of transportation of methamphetamine (Health & Saf. Code, § 11379). On February 9, 1989, the district attorney filed the amended information and the jury found defendant guilty of both counts.

On March 15, 1989, defendant's motion for new trial was denied and the trial court denied defendant probation and sentenced him to the middle term of three years in state prison for transportation of methamphetamine (count II). The court imposed a concurrent two-year term on count I (possession of methamphetamine for sale), but suspended the latter term pending a medical examination of the defendant. (Welf. & Inst. Code, § 3051.) The next day, defendant filed a notice of appeal "from the judgment and sentence."

On March 20, 1989, the court ordered the proceedings adjourned and appointed a medical examiner to determine whether defendant was a narcotic drug addict or in imminent danger of becoming a narcotic drug addict. On April 5, 1989, the court found defendant was a narcotic drug addict and committed him to the California Rehabilitation Center.

### FACTS

On August 23, 1988, Kern County Deputy Sheriff Michael Helton, along with his reserve deputy partner, left the Kern County jail at approximately 10:25 p.m. Helton and his partner noticed an older model Dodge Charger traveling southbound on Baker Street. The vehicle accelerated rapidly, the tires smoked, and the car fishtailed. The deputies activated the lights on their patrol vehicle and stopped the Charger at East Truxtun and Beale

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

Avenues. The driver (defendant) alighted and went to the front of the vehicle. Deputy Helton informed him he was under arrest for exhibition of speed. Helton conducted a patdown search and took a knife from defendant's waistband and a brown vial from defendant's right front pocket. The vial contained a white, powdery substance which Deputy Helton suspected was methamphetamine.

While still at the scene of the traffic stop, Deputy Helton looked through defendant's wallet and found $4,715 in currency of various denominations. Helton began searching the vehicle but found nothing else inside. He requested defendant's consent, searched the trunk, and found a blue bag containing empty plastic baggies.

The officers handcuffed the defendant, placed him in the back seat of their patrol vehicle, and took him to the inmate receiving center at the main jail. During this trip, Deputy Helton noticed the defendant was moving from side to side in the back seat. The officer also heard something scraping on the bottom of the passenger seat. When they arrived at the inmate receiving center, Deputy Helton noticed the defendant's right boot was partially off. Defendant pulled the boot all the way up before getting out of the patrol vehicle. Defendant entered the inmate receiving center and officers conducted a more thorough search of his person. The officers found several baggies of marijuana and a bag of white, powdery substance in defendant's right boot. Deputy Helton also found a piece of paper in defendant's wallet which contained a column of names and a column of dollar amounts.

Deputy Helton returned to the patrol vehicle, conducted a more thorough search, and found two leather pouches under the front passenger seat. One contained a chunky substance and the other a powdery substance. Brenda Smith, an analyst with the Kern County Regional Crime Laboratory, examined the contents of the brown vial, the baggie containing a white, powdery substance, and the two leather pouches. She concluded all of those items contained methamphetamine with a total combined weight of 46.07 grams.

Kern County Deputy Sheriff Rob Castaneda, a member of the narcotics task force, testified the paper found in defendant's wallet was a "pay and owe sheet." Castaneda concluded defendant possessed the methamphetamine for purposes of sale.

*Defense*

Defendant testified on his own behalf. During 1983, he suffered an accident which resulted in numerous broken bones and a back injury. As a

result of these injuries, he later obtained a personal injury settlement in the net amount of approximately $50,000. Defendant purchased a clean-up business with a portion of the settlement money. The business entailed site cleanup, earth moving, and house demolitions.

In February 1988, defendant separated from his wife. Defendant testified he kept funds in a safe at his mother's residence after the date of separation. He had a net income of approximately $15,000 for the first eight months of 1988. Defendant explained the money he carried on the evening of the arrest had been earned from different jobs and included a portion of the personal injury settlement money.

Defendant acknowledged he was driving his car, a 1970 Dodge Charger, at the time of his arrest. Defendant said he was en route first to his house and then to his mother's house. He denied having possession of the two leather pouches. Defendant explained he was moving from side to side in the rear seat of the patrol vehicle due to his back injury. Defendant said being handcuffed behind his back aggravated his back injury. As defendant got out of the patrol vehicle at the inmate receiving center, he caught his boot on a part of the car and the boot pulled off his foot. Defendant said the document in his wallet was part of an old record book. He explained the numbers were estimates for moving yards of dirt.

Defendant admitted regular use of methamphetamine since late 1983 to stimulate him to work in spite of the pain from his accident. He also admitted possessing the brown vial taken from his right pocket and the small package taken from his right boot. However, he denied possession of the two leather pouches found in the patrol vehicle.

### Rebuttal

Deputy Helton testified he was standing next to the patrol vehicle when defendant alighted at the inmate receiving center. Deputy Helton assisted defendant by placing his hand on defendant's arm. When defendant got out of the car, his boot was almost off his foot. Deputy Helton did not recall the boot getting caught on any part of the patrol vehicle.

### DISCUSSION

Defendant contends the trial court erroneously allowed the prosecution to amend the information.

On the second day of trial, the prosecution concluded its case-in-chief and moved to amend the information by adding a charge of transportation

of methamphetamine (Health & Saf. Code, § 11379). The court stated it would conduct a hearing on the motion before ruling. The defense did not request a continuance but instead proceeded with its case and rested. The court finally heard argument on the motion to amend after the People presented rebuttal evidence. Defendant opposed the motion on the grounds (1) the motion did not comply with section 1009 and (2) the delayed filing of the motion prejudiced defendant.

At the request of defense counsel, the trial court took judicial notice of the following facts: (1) the defendant was arrested on August 23, 1988; (2) the district attorney filed Kern County Municipal Court case No. 3490 on September 2, 1988, and the only charge was possession of methamphetamine for sale (Health & Saf. Code, § 11378); (3) defendant was arraigned in the municipal court, department F, on September 6, 1988; (4) the court set defendant's preliminary hearing for September 30, 1988; (5) defendant waived the preliminary hearing and the case was certified to the superior court where defendant appeared for arraignment on October 17, 1988; (6) the district attorney filed an information in superior court charging defendant with possession of methamphetamine for sale (Health & Saf. Code, § 11378) and no other offense; (7) the court set a pretrial conference for January 20, 1989, and set trial for January 30, 1989; (8) due to court congestion, the court continued trial until Monday, February 6, 1989, and on that date the matter was assigned to the trial court judge's department; (9) the prosecution did not move to amend the information between September 2, 1988, the date the complaint was filed, and September 6, 1988, the date of defendant's arraignment; (10) the prosecution did not move to amend between the date of defendant's arraignment in municipal court and the date of his arraignment in superior court, September 30, 1988; and (11) the People did not file a motion to amend in the superior court and the defendant first received notice of a proposed amendment at a conference in chambers on February 6, 1989.

The trial court granted the prosecution's motion, stating: "The Court is going to grant the motion. The Court finds it does have the discretion to allow the amendment at this stage of the proceeding in light of statutory authority and also case law and of course this amendment is not to condone necessarily the actions of the prosecution in this case because I do feel there was some unexplained delay in filing the amendment at the stage it was filed, so I am not condoning that delay of prosecution in filing the amendment when they did.

"Whether or not the matter needed a record, that is something of course the Court would prefer to see done as early in the proceeding stage as possible, however, the Court is not going to hold such action on the part of

the prosecution sufficient to deny the amendment absent a showing that somehow the defendant is going to be denied the right to prepare and defend those charges.

"The Court does find that all of the issues that are raised in the proposed amendment arise out of the same facts which both parties have been aware of since the beginning of the proceeding.

"The Court has taken judicial notice of a number of things including the 1538.5 [motion] and the Court notes in the declarations there is no question the defendant admits he was driving a vehicle when he was stopped and the alleged narcotics were found on his person so the Court doesn't feel there is any type [of] surprise here with respect to the amendment being made from the standpoint of having to develop other facts in that regard and the Court would be inclined to grant a reasonable continuance if there had been any showing made by the defense, such continuance would be appropriate or necessary and there has been no showing.

"At the request of the Court, defense counsel did not suggest such a showing, so the Court has found no basis for continuance in order for the defendant to further prepare to defend himself against the charges in the amended information pursuant to granting this motion so the motion is granted."

Section 1009 states: "An indictment, accusation or information may be amended by the district attorney, and an amended complaint may be filed by the prosecuting attorney in any inferior court, without leave of court at any time before the defendant pleads or a demurrer to the original pleading is sustained. The court in which an action is pending may order or permit an amendment of an indictment, accusation or information, or the filing of an amended complaint, for any defect or insufficiency, at any stage of the proceedings, or if the defect in an indictment or information be one that cannot be remedied by amendment, may order the case submitted to the same or another grand jury, or a new information to be filed. The defendant shall be required to plead to such amendment or amended pleading forth-with, or, at the time fixed for pleading, if he has not yet pleaded and the trial or other proceeding shall continue as if the pleading had been originally filed as amended, unless the substantial rights of the defendant would be prejudiced thereby, in which event a reasonable postponement, not longer than the ends of justice require, may be granted. *An indictment or accusation cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination.* A complaint cannot be amended to charge an offense not attempted to be charged by the original complaint, except that

separate counts may be added which might properly have been joined in the original complaint. The amended complaint must be verified but may be verified by some person other than the one who made the oath to the original complaint." (Italics added.)

Defendant contends on appeal: "Pursuant to the statute, there appears to be contemplated two instances in which an amendment may be appropriate. First, an amendment may be appropriate for the purpose of changing a defect or insufficiency contained in the pleading. Examples of such are: to change a date [(*People* v. *McQuiston* (1968) 264 Cal.App.2d 410, 417-418 [70 Cal.Rptr. 531]; *People* v. *Lachuk* (1935) 5 Cal.App.2d 729, 730 [43 P.2d 579])]; to add words like 'willfully' or 'intentionally' [(*People* v. *Potter* (1966) 240 Cal.App.2d 621, 633 [49 Cal.Rptr. 892], cert. den. 388 U.S. 924 [18 L.Ed.2d 1374, 87 S.Ct. 2118])]; to strike surplusage [(*People* v. *Murphy* (1973) 35 Cal.App.3d 905, 922-923 [111 Cal.Rptr. 295])]; or to correct a [misstated] Penal Code section [(*Patterson* v. *Municipal Court* (1971) 17 Cal.App.3d 84, 88 [94 Cal.Rptr. 449])]. Clearly, the amendment which the prosecution made to the information filed in the present case was not for the purpose of merely correcting a defect or insufficiency.

"The second type of amendment contemplated by Penal Code [section] 1009 is that type of an amendment which would add an offense or to change the offense charged. Clearly, the amendment in the present case falls into this category as the nature of possession of a controlled substance is distinctly different from the crime of transporting a controlled substance. [(*People* v. *Cortez* (1985) 166 Cal.App.3d 994, 999-1000, 1001 [212 Cal.Rptr. 692].)]

"The test applied, when considering whether to permit an amendment, is whether or not the amended charge is one supported by evidence taken at the preliminary examination. [Citations.] . . .

"In the present case, the trial court determined that appellant was not prejudiced by the amendment. . . . However, it is abundantly clear that there was no preliminary hearing and, therefore, the second prong of the requirements set forth by Penal Code [section] 1009 was not met.

". . . . . . . . . . . . . . . . . . . . .

". . . As originally suggested by appellant's trial counsel, the prosecution had not met the qualifications as required by Penal Code [section] 1009 to permit an amendment of this nature. Thus, it was error for the court to exercise its discretion and permit the amendment."

■ The general framework within which criminal pleadings are amended is statutorily derived and has remained constant since 1911. (*People* v. *Superior Court (Alvarado)* (1989) 207 Cal.App.3d 464, 472 [255 Cal.Rptr. 46].) Section 1009 authorizes amendment of an information at any stage of the proceedings provided the amendment does not change the offense charged in the original information to one not shown by the evidence taken at the preliminary examination. If the substantial rights of the defendant would be prejudiced by the amendment, a reasonable postponement not longer than the ends of justice require may be granted. The questions of whether the prosecution should be permitted to amend the information and whether continuance in a given case should be granted are matters within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent a clear abuse of discretion. Moreover, a trial court correctly exercises its discretion by allowing an amendment of an information to properly state the offense at the conclusion of the trial. Similarly, where the amendment makes no substantial change in the offense charged and requires no additional preparation or evidence to meet the change, the denial of a continuance is justified and proper. (*People* v. *Jones* (1985) 164 Cal.App.3d 1173, 1178-1179 [211 Cal.Rptr. 167]; *People* v. *George* (1980) 109 Cal.App.3d 814, 818-819 [167 Cal.Rptr. 603]; *People* v. *Flowers* (1971) 14 Cal.App.3d 1017, 1019-1021 [92 Cal.Rptr. 647]; *People* v. *Baldwin* (1961) 191 Cal.App.2d 83, 87 [12 Cal.Rptr. 365].)

■ Here, defendant does not claim prejudice as a result of the amendment of the information. Rather, he argues the amendment violated the provisions of section 1009 because there was no preliminary hearing in this case. Defendant submits the absence of a preliminary hearing precludes amendment of the information to charge another offense. The People argue defendant clearly had notice of the People's evidence of transportation. In his suppression motion, defendant acknowledged he was driving the Dodge Charger when Officer Helton stopped him. The People's case-in-chief at trial also gave defendant notice of this evidence. Prior to the defense case, the prosecutor informed defendant the People sought to add the additional charge to the information. Defendant did not seek a continuance and did not require evidence or preparation time to meet the new charge. The amendment merely conformed the pleading to the proof. During the defense case, defendant himself testified he was driving his car when Officer Helton stopped him.

Defendant contends in his reply brief on appeal: ". . . Without citing any authorities, respondent first contends that by waiving his right to a preliminary hearing [appellant] should be deemed as having waived his right to invoke Penal Code section 1009. . . . Besides the obvious lack of case authority for such a proposition, appellant suggests that such result

does not logically follow as he only waived his right to contest the evidence that would have supported the charges set forth in the complaint. Further, such a rule would lead to . . . absurd results, invite arbitrary and capricious conduct by the prosecution and obviously have substantial constitutional ramifications. . . .

"Next, respondent argues that since it appears as though appellant was aware of the facts, at the time that the preliminary hearing was to have taken place, which would have supported the additional charges, the objectives of section 1009 were met and the trial court did not abuse its discretion in granting the motion. The weakness of this argument is, of course, that such a holding would require this court to literally modify section 1009 to permit a trial court to allow an amendment which was either supported by evidence taken at the preliminary hearing *or* which the trial court determines appellant was aware at the time of the preliminary hearing. Such appears to have been the position of the trial court when ruling on the motion. . . . Even if a liberal interpretation of Penal Code section 1009 were to be utilized in this instance, the clear intention of the [L]egislature would be ignored. . . . Had the [L]egislature decided that an information could be amended upon different criteria than as set forth in Penal Code section 1009, it could . . . easily have stated so."

In *People* v. *Bomar* (1925) 73 Cal.App. 372 [238 P. 758], the Los Angeles County District Attorney filed a complaint in the township justice court charging defendant with four counts of grand larceny. The court conducted a preliminary examination on the complaint and the magistrate issued a commitment holding defendant for superior court trial on two counts of grand larceny. Approximately one month later, the district attorney filed an information in superior court charging defendant with two counts of grand larceny and two counts of obtaining money under false pretenses. Defendant moved to set aside the information alleging he had not been legally committed. On the scheduled hearing date, the court ordered the clerk to file an amended commitment nunc pro tunc. The amended commitment set forth four counts (two for grand larceny and two for false pretenses). The court then denied defendant's motion to strike out the information in whole or part. The court later dismissed the two grand larceny counts on motion of the district attorney and defendant was found guilty of two counts of false pretenses at trial. Defendant appealed, contending he was not legally committed. Upon rehearing, the Second District Court of Appeal concluded (1) the magistrate had no authority to amend his commitment to hold defendant for trial on an offense different than that stated in the original commitment and (2) defendant was not legally committed for the offense of which he was found guilty. The court concluded: "Neither do we think that section 4½ of article VI of the [C]onstitution [now article VI, section 13] is

applicable in the present case. Before any accused person can be called upon to defend himself on any charge prosecuted by information, he is entitled to preliminary examination upon said charge, and the judgment of the magistrate before whom such examination is held as to whether the crime for which it is sought to prosecute him has been committed, and whether there is sufficient cause to believe him guilty thereof. These proceedings are essential to confer jurisdiction upon the court before whom he is placed on trial. To say that he was accorded a fair trial upon an information filed against him without a substantial compliance with these jurisdictional requirements, and, therefore, that there had been no miscarriage of justice, hardly meets the situation. *Such an argument would apply with equal force to the validity of the conviction upon an information filed by the district attorney in a case where no preliminary examination at all had been held.* Such practice would result, in legal effect, in wiping out all provisions of the [C]onstitution and the Penal Code providing for a preliminary examination, and in clothing the district attorney with unlimited authority to file information against whomsoever in his judgment he might consider guilty of crime. We do not believe that it was ever the intention to extend the scope of section 4½ of article VI of the [C]onstitution to any such limits." (*People v. Bomar, supra,* 73 Cal.App. at p. 378, italics added.)

While the *Bomar* case differs slightly from the facts of the instant case, its reasoning is sound and applies with equal force to this appellant's plight. We acknowledge that respondent's motion to amend the information to add a count for transportation of methamphetamine may have come as no surprise to appellant and would have conformed the information to the proof at trial, as respondent argues here and argued below. It seems to us that is not the point nor helpful to respondent. Section 1009 specifically proscribes amending an information to charge an offense not shown by the evidence taken at the preliminary hearing. This rule has remained virtually unchanged for over 80 years.

In the instant case, the preliminary hearing was waived and, thus, no evidence was presented on the complaint which charged only possession of methamphetamine for sale. Respondent has cited no case authority which would allow, over objection, an amendment to the information to add a transportation count on these facts. In our own research, we too have found no legal support for respondent's argument. *People v. Flowers, supra,* 14 Cal.App.3d 1017, *People v. George, supra,* 109 Cal.App.3d 814, *People v. Jones, supra,* 164 Cal.App.3d 1173, and even *People v. Roth* (1934) 137 Cal.App. 592, 607-608 [31 P.2d 813], are distinguishable upon their facts. As far as we can determine, none of those cases involved a waiver of the preliminary hearing. We have found no exception to this express provision

of section 1009 and appellant's conviction of count II of the information, transportation of methamphetamine, must be reversed.

However, we reject appellant's argument that his conviction in its entirety must fall. Appellant was properly charged by information with possession of methamphetamine for sale, count I; only the amendment to add the transportation count was in error. The evidence of appellant's guilt of count I was overwhelming, which appellant does not dispute. Finally, no new, additional or different evidence was presented after the trial court allowed the amendment. Thus, with our reversal of count II, appellant has suffered no prejudice and the conviction of count I will be affirmed. However, since the trial court selected count II, the transportation count, as the principal term, the case must be remanded for resentencing on count I.

The judgment of conviction of count I is affirmed. The judgment of conviction of count II is reversed. The case is remanded to the trial court for resentencing.

Stone (W. A), J., and Baxter, J., concurred.

A petition for a rehearing was denied July 20, 1990, and respondent's petition for review by the Supreme Court was denied September 26, 1990. Arabian, J., was of the opinion that the petition should be granted.