Filed 3/28/13  P. v. Esquivel CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CAITLIN ESQUIVEL,<br><br>    Defendant and Appellant. | H037937<br>(Monterey County<br>Super. Ct. No. SS101023) |

Defendant Caitlin Esquivel entered a negotiated no-contest plea to second degree robbery and grand theft.  The trial court suspended imposition of sentence and placed defendant on probation with conditions.  Defendant later admitted violating probation, and the trial court revoked then reinstated probation with conditions.  Defendant thereafter admitted violating her probation a second time.  The trial court revoked probation and imposed a three-year mid-term sentence for robbery and a consecutive eight-month term for grand theft.  On appeal, defendant contends that the trial court (1) abused its discretion by refusing to reinstate her probation, and (2) erred in awarding presentence credits.  The People concede the credits issue, and we agree that the concession is appropriate.  We otherwise disagree with defendant.  We therefore modify and affirm the judgment.

### BACKGROUND

Defendant persuaded a man to buy her a hamburger via entering her car and going through a restaurant's drive-through window.  When the man was in the car, defendant's

accomplice, who was hidden in the back seat, put the man in a choke hold, pressed a knife to the man's neck, and robbed the man of his wallet.

Defendant drove a car near a man to whom her accomplice had called out. When the man approached the car, the accomplice grabbed the man, pressed a knife to his stomach, and robbed the man of eight $1 bills. Defendant then drove away.

In reporting to her probation officer, defendant attempted to falsify a urine sample by having a plastic baggie of urine hidden in her vagina and then tested positively for opiates and methamphetamine. For this, defendant admitted violating probation and the trial court ordered defendant committed to the Department of Corrections (CDC) for diagnosis and recommendations. The CDC recommended placement in a structured residential treatment facility for defendant's mental health and substance abuse needs. The trial court then revoked probation, reinstated probation, and ordered defendant transferred to a residential treatment facility. Defendant completed the treatment program. Six months later, she used heroin and tested positively for the use of opiates. The trial court then revoked probation, and defendant admitted that she violated probation.

At the sentencing hearing, the trial court explained as follows: "Well, there's no doubt in my mind that you do suffer from addiction and that that was certainly part and parcel of what caused you to participate in the robberies. [¶] But the Court has before it a situation where you participated in two armed robberies. And although there was someone else probably more sophisticated, you were an active participant in that. [¶] Then we have multiple, not just one, violations of probation. We have the attempting to falsify the urine sample in November, testing positive for opiates and methamphetamine. At that point, there was a violation of probation which you admitted, received an additional 60 days. We're back on testing positive for opiates assuming, presumably, the use of heroin. [¶] So at this point, I'm going to sentence you to the [CDC]. [¶] Going back to the original probation report, the Court finds the following factors in aggravation:

2

[¶] The crime involved great violence, the victims were particularly vulnerable, the crime was carried out in a manner that indicates planning, sophistication and professionalism and the defendant has engaged in conduct that indicates she's a serious danger to society. [¶] I do acknowledge the factor in mitigation that she voluntarily acknowledged wrongdoing at an early stage of the proceedings. [¶] I do also take into consideration your age when imposing sentencing."

## SENTENCING

Defendant contends that the trial court abused its discretion by sentencing her to prison rather than reinstate probation because it (1) mischaracterized her role as an active participant in two armed robberies when she pleaded to one armed robbery and one grand theft, (2) failed to acknowledge that she had mental health problems in addition to drug problems, and (3) stated reasons for a prison sentence without due consideration of any applicable mitigating factors. There is no merit to defendant's contention.

" 'Probation is an act of clemency. . . .' " (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 831.) The court may modify, revoke, or terminate probation if the probationer has violated any term or condition of probation "if the interests of justice so require." (Pen. Code, § 1203.2, subd. (b).)[1] In considering whether to revoke probation, the court's inquiry is directed "to the probationer's performance on probation." (*People v. Beaudrie* (1983) 147 Cal.App.3d 686, 691.) "Thus the focus is (1) did the probationer violate the conditions of his probation and, if so, (2) what does such an action portend for future conduct?" (*Ibid.*) The inquiry addresses whether a probationer can conform his or her conduct to the law. (*Ibid.*) This distinguishes the considerations appropriate for determining whether a defendant should initially receive probation from whether a defendant should have probation revoked. In the latter case, the defendant has a track record of performance on probation which may be indicative of how he or she will

---

[1] Further unspecified statutory references are to the Penal Code.

continue to perform on probation if his or her probation is not revoked, and which should therefore be given substantial weight.

The trial court is vested with broad discretion in determining whether to reinstate probation following revocation of probation. (*People v. Jones* (1990) 224 Cal.App.3d 1309, 1315.) And the trial court's decision to revoke probation is reviewed for an abuse of discretion. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443 (*Rodriguez*); *People v. Downey* (2000) 82 Cal.App.4th 899, 909-910.) "When the question on appeal is whether the trial court has abused its discretion, the showing is insufficient if it presents facts which merely afford an opportunity for a difference of opinion. An appellate tribunal is not authorized to substitute its judgment for that of the trial judge." (*People v. Stewart* (1985) 171 Cal.App.3d 59, 65.) In the absence of a clear showing that its decision was arbitrary or irrational, a trial court should be presumed to have acted to achieve legitimate objectives and, accordingly, its discretionary determinations ought not be set aside on review. (*People v. Zaring* (1992) 8 Cal.App.4th 362, 378.) Moreover, " 'only in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation. . . .' " (*Rodriguez*, *supra*, at p. 443.) And the burden of demonstrating an abuse of the trial court's discretion rests squarely on the defendant. (*People v. Vanella* (1968) 265 Cal.App.2d 463, 469.)

Here, defendant negotiated a plea agreement whereby the trial court suspended a maximum four-year prison term in exchange for five years of formal probation. As part of defendant's plea, she agreed that if she "violate[d] any term or condition of [her] probation, [she could] be sent to state prison." It should be evident to defendant, as it is to this court, that, under the terms of the plea agreement negotiated by defendant, *any* violation of probation would result in the immediate imposition of a prison term. Having received the benefit of her bargain, probation, defendant cannot repudiate an agreed component of her plea. (See *People v. Haney* (1989) 207 Cal.App.3d 1034, 1037-1038 [a plea bargain is interpreted like a contract].) That should be the end of the discussion.

4

In any event, defendant fails to demonstrate an abuse of discretion.

The trial court here considered defendant's history, her performance on probation, the arguments of counsel, and the reports of the probation officer (who finally recommended that the trial court deny reinstatement of probation).  Faced with defendant's continued drug use, which violated two separate grants of probation, and, worse, defendant's drug-testing ruse, the trial court's decision to revoke probation in this case was not arbitrary or irrational.  In quibbling about whether she actively participated in one or two robberies[2] and had mitigating circumstances,[3] defendant does no more than present facts that afford an opportunity for a difference of opinion.

In sum, placing a criminal on probation constitutes "an act of clemency and grace."  (*Rodriguez*, *supra*, 51 Cal.3d at p. 445.)  By implication, reinstituting probation, following violation of the terms of that probation, is also an act of clemency and grace.  Here, defendant's track record shows her inability to comply with the law and constitutes ample grounds for revocation of probation and commitment to state prison.  This is not the extreme case where we would interfere with the discretion of the trial court.

## PRESENTENCE CREDITS

Defendant was arrested for both offenses on the same day.  And she resolved both offenses at the same time by her no-contest plea.  When the trial court ultimately sentenced defendant to prison, it awarded defendant four actual days of presentence

---

[2] The trial court could have rationally concluded that defendant, in fact, actively participated in two robberies--she drove the getaway car in the incident for which she negotiated her grand-theft plea.

[3] The obligation to consider circumstances in mitigation does not require a trial court to separately discuss each circumstance in mitigation or to set forth its reasons for rejecting a mitigating factor.  (*People v. Jones* (1985) 164 Cal.App.3d 1173, 1181.)  We presume that the trial court considered mitigating circumstances unless the record affirmatively states otherwise.  (Cal. Rules of Court, rule 4.409.)

credit against the three-year term for robbery and 506 days (440 actual; 66 conduct) against the consecutive eight-month term (240 days) for grand theft.

Defendant challenges the allocation of her presentence credit. She contends that the trial court erred by failing to award 266 days credit against the three-year sentence for robbery (506–240=266). She points out that 266 days of the 506 days credited to the grand theft case were attributable to both the robbery case and the grand theft case and the 506 days credit in the grand theft case exceeds the eight-month sentence in the grand theft case by 266 days. She claims entitlement to the benefit of 266 days of credit that is currently " 'dead time,' that is, time spent in custody for which [s]he receive[d] no benefit." (*In re Márquez* (2003) 30 Cal.4th 14, 20 (*Márquez*).) The People and we agree.

Section 2900.5, governs the award of presentence custody credits. That section provides, in pertinent part: "(a) In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, . . . all days of custody of the defendant, . . . including days . . . credited to the period of confinement pursuant to Section 4019, shall be credited upon his or her term of imprisonment . . . . If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served. . . . [¶] (b) For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." (§ 2900.5, subds. (a), (b).)

As our high court has noted, " 'section 2900.5, subdivision (b), is "difficult to interpret and apply." ' " (*Márquez*, *supra*, 30 Cal.4th at p. 19.)

Defendant's argument is based upon *Márquez* and *People v. Gonzalez* (2006) 138 Cal.App.4th 246 (*Gonzalez*).

In *Márquez*, the defendant, who was out on bail (first case), was arrested again (second case) and taken into custody in another county. He was convicted of both crimes and sentenced. The time he spent in jail from his second arrest until he was sentenced in the second case was credited to the prison term in the second case. He appealed both convictions. The conviction in the second case was reversed. The defendant then sought to have his credits applied to his sentence in the first case.

The Supreme Court agreed that the defendant's credits should apply to the first case. It held that the defendant's custody had been attributable to both charges until the conviction in the second case was reversed and the charges were dropped, at which point the custody was properly characterized as being attributable to the first case, that case being the " 'proceedings related to the same conduct for which [the defendant] has been convicted' " pursuant to section 2900.5, subdivision (b). (*Márquez, supra*, 30 Cal.4th at p. 20.) "To deny petitioner credit for his time spent in custody between [the two sentencing dates] would render this period 'dead time,' that is, time spent in custody for which he receives no benefit." (*Ibid.*)

In *Gonzalez*, the defendant pleaded guilty to domestic violence and was placed on probation. He reoffended during the probationary period, and was charged with auto theft and gun possession. While in custody, awaiting trial on the auto theft and gun charges, he was charged with assaulting another inmate. The defendant was convicted of the auto theft and gun charges, pleaded no contest in the assault action, and admitted the probation violation. In awarding custody credits, the trial court allocated the time served between the defendant's arrest in the auto theft and gun case to the date of the inmate assault to the domestic violence case. As a result, the total credits allocated to the domestic violence case exceeded the sentence imposed in that case.

We acknowledged that sometimes "dead time" is unavoidable. (*Gonzalez, supra*, 138 Cal.App.4th at p. 253.) But the defendant argued, and we agreed, that the credits could be applied to the auto theft and gun case even though it was not the sole reason for

7

the presentence confinement.  We held that the custody could be attributed to " 'multiple, unrelated causes.' " (*Id.* at p. 252.)  We reasoned that the prohibition in section 2900.5, subdivision (b) against duplicate credits would not be violated because the defendant did not seek duplicate credits for the period of confinement.  "[T]he choice in this case is not between awarding credit once or awarding it twice.  The credits for the [relevant] period of incarceration were only awarded against a single case, the domestic violence case.  However, once the few days of custody left to complete the sentence in the domestic violence action were credited to defendant, the remaining custodial time should have been characterized as solely attributable to the auto theft and gun case and allocated accordingly.  Otherwise the vast majority of the time served during the [relevant] period of incarceration would become 'dead time' that was not attributable to any case . . . ." (*Gonzalez*, *supra*, at p. 254.)

Here, defendant's 506 days credit in the grand theft case exhausted the eight-month (240 days) prison term and exceeded it by 266 days.  That excess credit should have been applied to the robbery case because that credit was earned during a period of custody attributable, in part, to the robbery case.

Defendant is entitled to custody credits of 266 days against her three-year sentence for robbery in addition to the four days already awarded.

### DISPOSITION

The judgment is modified to award defendant 270 days presence credit against her three-year sentence for count 1 (robbery) and 240 days presence credit

8

against her eight-month sentence for count 3 (grand theft). As so modified, the judgment is affirmed.

 

 

_____
                              Premo, J.

WE CONCUR:

_____
       Rushing, P.J.

_____
       Elia, J.