Filed 1/6/26  P. v. Ardeleanu CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084840 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD301376) |
| CHRISTIAN THEODOR ARDELEANU, | ORDER MODIFYING OPINION |
| Defendant and Appellant. | NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on December 24, 2025 be modified as follows:

On page 7, delete the last sentence and replace with the following:

Should the court reimpose probation, the court is directed to prepare an amended probation order and forward a copy of the amended probation order to the San Diego County Probation Department.

There is no change in the judgment.

MCCONNELL, P. J.

Copies to:  All parties

Filed 12/24/25  P. v. Ardeleanu CA4/1 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084840 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD301376) |
| CHRISTIAN THEODOR ARDELEANU, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert O. Amador and Polly Shamoon, Judges.  Reversed and remanded with instructions.

Matthew M. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Robin Urbanski and Brendon Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

# I

# INTRODUCTION

Christian Theodor Ardeleanu was charged with three felony counts of unlawful use of tear gas (Pen. Code, § 22810, subd. (g)(1); counts 1–3).[1] After the preliminary hearing, he failed to appear at a trial readiness conference. The trial court then allowed the prosecution to amend the information to add a fourth charge for willful failure to appear on felony charges (§ 1320.5; count 4). The case proceeded to trial and a jury found Ardeleanu guilty of all four counts.

On appeal from the judgment of conviction, Ardeleanu argues the court erred by allowing the prosecution to amend the information to add the charge of failure to appear. According to Ardeleanu, the court's ruling violated section 1009 and impinged upon his constitutional due process rights because the new charge was not supported by evidence from the preliminary hearing. The People concede the court prejudicially erred. We agree. Therefore, we reverse the conviction for failure to appear (count 4) and remand the matter for resentencing on the three extant convictions (counts 1–3).

# II

# BACKGROUND

On November 22, 2023, Ardeleanu was charged by complaint with three felony counts of unlawful use of tear gas after he sprayed three victims with bear spray during two separate and unrelated incidents.

On December 21, 2023, the trial court held a preliminary hearing and Ardeleanu was held to answer on all three counts. At the preliminary hearing, the parties stipulated that the complaint would be deemed an information.

---

[1]    Further undesignated statutory references are to the Penal Code.

On March 14, 2024, Ardeleanu failed to appear at a trial readiness conference, which resulted in the issuance of a bench warrant. He next appeared in custody on May 10, 2024.

On June 6, 2024, the prosecution moved to amend the information by interlineation to add a fourth count for willful failure to appear on felony charges. Defense counsel did not object or oppose the motion to amend the information. The court granted the motion and, on July 3, 2024, an information charging all four counts was filed.

On July 9, 2024, a jury found Ardeleanu guilty of all four counts. Thereafter, the court placed him on formal probation for two years, subject to a condition that he serve 365 days in custody.

On September 11, 2024, Ardeleanu filed a timely notice of appeal from the judgment of conviction.

III

DISCUSSION

Ardeleanu contends the trial court erred by allowing the prosecution to amend the information to add a fourth count for failure to appear. He asserts the court's ruling ran afoul of section 1009 and violated his due process rights

3

because the new charge was not supported by evidence taken at the preliminary hearing. The People agree, and so do we.[2]

"The court may allow amendment of the accusatory pleading to correct or make more specific the factual allegations of the offense charged at any stage of the proceeding, up to and including the close of trial, if there would be no prejudice to the defendant." (*People v. Graff* (2009) 170 Cal.App.4th 345, 361.) However, section 1009 provides that "[a]n indictment or accusation cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination." Stated differently, "[s]ection 1009 prohibits amending an information to charge an offense not shown by evidence taken at the preliminary hearing." (*People v. Rogers* (2016) 245 Cal.App.4th 1353, 1360 (*Rogers*); see also *People v. Peyton* (2009) 176 Cal.App.4th 642, 654 (*Peyton*) ["In enacting section 1009, the Legislature determined that an accusatory pleading cannot be amended based on evidence not taken at the preliminary hearing."]; *People v. Winters* (1990) 221 Cal.App.3d 997, 1007 (*Winters*) ["Section 1009 specifically proscribes amending an information to charge an offense not shown by the evidence taken at the preliminary

---

[2] Defense counsel did not oppose or object to the prosecution's motion to amend the information to add the count for failure to appear. Courts have held that a defendant's failure to interpose an objection in the trial court can result in the forfeiture of an appellate argument that the defendant was tried on a charge not subjected to a preliminary hearing. (See *People v. Burnett* (1999) 71 Cal.App.4th 151, 179 (*Burnett*).) However, we have "the discretionary power to entertain an objection first raised on appeal." (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1311.) Doing so is especially appropriate where, as here, the resolution of an unpreserved issue involves the application of law to undisputed facts or averts a claim of ineffective assistance of counsel. (*People v. Yarbrough* (2008) 169 Cal.App.4th 303, 310.) Because both circumstances are present here, we exercise our discretionary authority to address Ardeleanu's claim on the merits.

4

hearing."].) "This is so, even if the amendment would not prejudice the defendant or if the defendant had notice of the facts underlying the new charges." (*Rogers*, at p. 1360.)

"The trial court's accession to an amendment to the information, including the addition of counts, is reviewed for abuse of discretion." (*People v. Arevalo-Iraheta* (2011) 193 Cal.App.4th 1574, 1581.) Both parties agree, as do we, that the trial court abused its discretion by permitting the amendment at issue. The preliminary hearing was held before Ardeleanu committed the acts giving rise to the new charge of failure to appear. Therefore, the new charge was not based on evidence from that hearing. By allowing the prosecution to add the new charge, the court violated section 1009 and exceeded the bounds of its discretion. (See *Rogers, supra*, 245 Cal.App.4th at pp. 1360–1366 [court erred by allowing new causes of action and enhancement that were not supported by evidence from preliminary hearing]; see also *Peyton, supra*, 176 Cal.App.4th at p. 652 ["counsel was ineffective in failing to object to the second amended information because it alleged an additional fifth offense ... not included in the amended complaint to which defendant waived his right to a preliminary hearing"].)

We turn now to the issue of prejudice. Case law has recognized that reversal is automatic where, as here, a defendant is convicted of an offense that was not based on evidence taken at a preliminary hearing. Indeed, as one court explained, "[i]t is as a matter of law irrelevant whether a defendant is prejudiced by being prosecuted for an offense not shown by the evidence at the preliminary hearing." (*Burnett, supra*, 71 Cal.App.4th at p. 177; see also *Winters, supra*, 221 Cal.App.3d at p. 1007 [" 'Before any accused person can be called upon to defend himself on any charge prosecuted by information, he is entitled to preliminary examination .... These proceedings are essential to

5

confer jurisdiction upon the court before whom he is placed on trial.  To say that he was accorded a fair trial upon an information filed against him without a substantial compliance with these jurisdictional requirements, and, therefore, that there had been no miscarriage of justice, hardly meets the situation.  *Such an argument would apply with equal force to the validity of the conviction upon an information filed by the district attorney in a case where no preliminary examination at all had been held*.  Such practice would result, in legal effect, in wiping out all provisions of the [C]onstitution and the Penal Code providing for a preliminary examination, and in clothing the district attorney with unlimited authority to file information against whomsoever in his judgment he might consider guilty of crime.' "].)

In any event, a defendant's conviction of a charge that was improperly added to a charging instrument is "unquestionably prejudicial." (*People v. Dominguez* (2008) 166 Cal.App.4th 858, 868.)  Here, Ardeleanu could not have been convicted of the charge of failure to appear if the trial court had not erroneously allowed the prosecution to add the charge to the information in violation of section 1009.  It is true that if the court had correctly denied the prosecution's motion to amend the information, the prosecution could have dismissed the case, refiled it with all four counts, and proceeded to a preliminary hearing on the new charging instrument.  Alternatively, the prosecution could have filed a separate case charging Ardeleanu with a single count of failure to appear and proceeded to a preliminary hearing solely on that charge.  Even so, the People admit it is "reasonably probable" Ardeleanu would not have been convicted on the failure to appear charge if the court had properly disallowed the amendment.  As the People concede in their appellate brief, "the prosecution may have determined it to be too costly and/or time consuming for the miniscule benefit of pursuing a separate felony case solely

6

for the failure to appear." Alternatively, even if the prosecution elected to file a separate failure-to-appear case, Ardeleanu could have been "acquitted of the charge in a separate trial, with a different jury." We accept the People's well-founded concessions of prejudice.[3]

## IV

## DISPOSITION

The judgment of conviction is reversed, and the matter is remanded to the trial court with instructions to strike the conviction for failure to appear on felony charges (count 4) and resentence the defendant on all remaining convictions (counts 1–3). The trial court is further directed to prepare an amended abstract and forward a certified copy to the Department of Corrections and Rehabilitation.


McCONNELL, P. J.

WE CONCUR:


DO, J.


CASTILLO, J.

---

[3]     Because we exercise our discretion to consider Ardeleanu's claim of error and conclude the trial court prejudicially erred by allowing the prosecution to amend the information, we do not address Ardeleanu's alternative argument that his trial counsel was ineffective for failing to preserve his claim for our consideration.